■ J.L.B. Equities, Inc., Appellant-Respondent, v Edward T. Davison, Respondent-Appellant, et al., Defendants.—In an

action to foreclose two mortgages, (1) the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered August 10, 1989, as denied its motion for summary judgment, and (2) the defendant Edward T. Davison cross-appeals from so much of the same order as denied that branch of his cross motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We find that, on this record, material issues of fact exist as to whether Edward T. Davison was fraudulently induced to execute certain notes and mortgages. Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment.

In that branch of his cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, the defendant Davison argued that the notes in question failed to contain a certain "notice in bold face type, at least ten point size" (Banking Law § 590-a [2]). However, it must be noted that Banking Law § 590-a is but one of several sections of Banking Law article 12-D entitled "Licensed Mortgage Bankers". Moreover, a close examination of the entire Banking Law § 590-a, and not just one part of subdivision (2) thereof, indicates that it applies only to a "licensee".

At the time the instant mortgage loans were made, i.e., in 1986, former section 590 of the Banking Law was in effect, and subdivisions (1) and (2) (a) thereof provided as follows with respect to licenses:

"§ 590. Doing business without license prohibited

"1. * * * no person, co-partnership, association, corporation or other entity shall engage in the business of making loans secured by mortgages on residential real property located in this state or secured by certificates of stock or other evidence of ownership interests in, and proprietary leases from, corporations or partnerships formed for the purpose of cooperative ownership of real estate in this state without first obtaining a license from the superintendent of banks * * *

"2. For purposes of subdivision one of this section: (a) no person, co-partnership, association, corporation or other entity shall be deemed to be engaging in the business described in that subdivision if within any twelve month period it shall make fewer than twenty loans of the type described in that subdivision" (Banking Law former § 590 [1], [2] [a]).

Former section 590 of the Banking Law was repealed and a new section 590 was added in 1986, effective April 1, 1987 (see, L 1986, ch 571, § 20). Subdivision (2) (a) of the newly added Banking Law § 590 lowered the threshold for requiring a license from 20 or more mortgage loans to five or more mortgage loans.

The affidavit of the corporate plaintiff's president indicates that the plaintiff did not make the requisite number of mortgage loans in 1986 to necessitate the obtaining of a license. Accordingly, a question of fact has been raised regarding this issue, and that branch of the defendant's cross motion which was for summary judgment was properly denied. Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.